## GREER v. HENDRIX.

### No. 5044.

Circuit Court of Appeals, Seventh Circuit.

Feb. 13, 1934.

Rehearing Denied April 11, 1934.

Matthew J. O'Brien, James R. Hanrahan, and Arthur E. Walsh, all of Chicago, Ill., for appellant.

Herbert V. Barbour and Clayton C. Purdy, both of Detroit, Mich., for appellee.

Before EVANS, SPARKS, and FITZ HENRY, Circuit Judges.

EVANS, Circuit Judge.

Appellant's numerous assignments of error include rulings on evidence, on motion to direct a verdict, and his motion to withdraw a juror. Prejudicial error in the trial of the case is also attributed to the improper statements of counsel and the action of the jury in awarding excessive damages.

Appellee's husband was driving a car in which appellee was seated by his side. Appellant was traveling in the opposite direction. He drove out of the line of traffic, across the road and into the car of appellee who had turned to the right to avoid him. The highway was paved with brick for a width of nineteen feet, and a gravel road, about fifteen feet wide, adjoined the brick road. Adjoining the gravel road was a small ditch about one and a half or two feet deep covered with grass.

Appellant's first contention is that the court should have directed a verdict in his favor because his loss of control was due to the rain through which he had recently driv-

en. He and his witness took the position that the rain so moistened the brake linings that the brakes locked.

There is no doubt this is a possible explanation of appellant's loss of control. But it was not the sole nor even a probable explanation. Evidence there was, direct and unequivocal, to the effect that appellant was driving his car fifty to sixty miles an hour when he turned out of his lane and that it was the excessive speed and not the brake linings, or the excessive speed in addition to a defective brake or brake linings, that caused him to lose control of the car. A photograph of appellant's car taken after the accident corroborates the oral testimony as to the speed of the car. It was badly wrecked. We are satisfied from a reading of all the evidence that the court would not have been justified in taking the case from the jury.

■ Appellant also contends that prejudicial error was committed when the court refused to withdraw a juror after appellee's cross-examination of an expert witness produced by appellant. It is claimed that such examination brought out the fact that appellant carried insurance on his car. The evidence, however, does not establish such fact. The questions propounded to the witness were proper questions to be asked on cross-examination. No objections were made to any of them. Several of the answers were not wholly responsive, yet no motion was made to strike them. It does appear that the witness knew appellant's counsel who, the witness said, was engaged in the insurance business. It does not appear, however, that he was engaged in defending automobile accident cases. Moreover, when appellant's counsel complained to the court that such inferences might be drawn from the general statement of his witness to the effect that appellant's counsel was in the insurance business, the court struck out all of said witness' testimony on cross-examination which in any way related to appellant's counsel.

■ Appellant also contends that one of the doctors who testified for appellee was asked questions, the answers to which invaded the province of the jury. No statement of the ground of any objection was made save once, and this statement was after the witness had answered the question. Counsel then said that the objection was on the ground that it was "speculative and a comparison and calling for a conclusion." The question was whether or not in the witness' opinion appellee could do the work as a nurse which she formerly did for him. Appellee was a nurse, and the doctor who was testifying was her attending physician as well as her expert witness. She had evidently acted as nurse for patients who employed the doctor. The court rightfully refused to strike out the answer.

■ The District Court observed with reference to the amount of the verdict:

"If we are to adopt the plaintiff's theory of her injuries as correct and if we accept the extent of them as being correctly stated by her, it can scarcely be said that the verdict is excessive. It is a substantial verdict, but if her condition today is the result of the injury and not of disease, then the verdict is none too high."

Appellee was laid up in bed for weeks and was incapacitated thereafter. She received severe and painful injuries to her knee, her legs, her back, her hands, and her face. She said she was in bed for six or seven weeks and was in a wheel chair for some weeks longer, after which time she "got about" on crutches for several months and then used a cane for a year and a half. The severity of the collision is shown by the picture of the demolished car and the fact that appellant's wife was killed as a result of the collision. There was evidence that appellee's injury to her back may be permanent.

We hardly feel justified in reducing the verdict in view of the observations of the court although the amount may seem rather large.

The judgment is

Affirmed.